50  373
53  764

## THE CITY OF KANSAS CITY v. ANORA MANNING.

DEFECTIVE SIDEWALKS—*Contributory Negligence—Evidence.* The testimony in this case examined, and *held*, (1) that the plaintiff below was not guilty of such contributory negligence as to prevent her recovery against the city; (2) that such testimony is sufficient to uphold the verdict of the jury.

*Error from Wyandotte District Court.*

ACTION by *Manning* against *The City* for personal injuries caused by a defective sidewalk. Judgment for plaintiff, on October 5, 1891. A motion for a new trial was overruled, and defendant brings the case to this court. The opinion states the facts.

*True & Foster*, and *Buchan, Freeman & Porter*, for plaintiff in error:

The defendant testified that she did not stop walking until she fell; that before turning to the right she did not look or stop, or try to ascertain where she was going, and paid no attention to the condition of the sidewalk, its width or its boundaries. She had capacity and opportunity to observe danger and avoid it, but failed to exercise such reasonable care and diligence, as she was in duty bound to do. She was guilty of contributory negligence. Shearman & R. Neg., §§ 61, 96; *Gibson v. City of Wyandotte,* 20 Kas. 156; *Cummins v. Syracuse,* 100 N. Y. 637; *McLaury v. McGregor,* 54 Iowa, 717; *Zettler v. Atlanta,* 66 Ga. 195; *Brenstein v. Mattson,* 10 Daly (N. Y.) 336; Thomp. Neg., p. 1147.

Had the defendant used ordinary or reasonable care, the accident would not have happened. "If the plaintiff was guilty of any want of ordinary care and prudence, however slight, which neglect contributed directly to produce the injury, he cannot recover." *Creamer v. Portland,* 36 Wis. 92.

The amount of the verdict also shows bias and prejudice. The complaining party is old, had retired from the usual cares of life, was not in any kind of business or occupation, was not earning any income, was virtually "on the shelf," and living around among her children, with her life's work done.

*Clogston, Fuller & Cubbison,* for defendant in error:

1. Was the defendant in error guilty of contributory negligence? 2. Did the jury, in rendering their verdict, act from passion or prejudice? The second question is largely involved in the first, because, if Mrs. Manning was not guilty of contributory negligence, then her permanent injuries, terrible sufferings and helpless condition would have warranted any jury in awarding her a still larger sum. But were the jury prejudiced, and how is that question to be decided? *M. K. & T. Rly. Co. v. Weaver,* 16 Kas. 465. The nature and extent of Mrs. Manning's injuries preclude any possible con-

clusion that the amount of the verdict indicates either passion or prejudice; and there is no evidence whatever in the record, or facts outside of the record, upon which to base even a violent presumption of either passion or prejudice. *U. P. Rly. Co. v. Young,* 19 Kas. 493; *St. J. & D. C. Rld. Co. v. Chase,* 11 id. 48; *K. P. Rly. Co. v. Salmon,* 14 id. 529.

The jury by their general verdict found that Mrs. Manning was not guilty of contributory negligence. The special questions submitted to the jury concerning the question of contributory negligence were answered in perfect accord with the general verdict herein. *K. P. Rly. Co. v. Pointer,* 14 Kas. 53; *City of Wyandotte v. Gibson,* 25 id. 237; *City of Salina v. Trosper,* 27 id. 563; *Mathews v. City of Cedar Rapids,* 45 N. W. Rep. 894.

All the authorities cited by the plaintiff in error are good law, but not applicable to the facts in this case.

Opinion by STRANG, C.: This was an action for damages for personal injuries sustained by the defendant in error by falling off the sidewalk in Kansas City, Kas., during the evening of August 17, 1890. On that evening, the defendant and her daughter, Mrs. Ann Burke, with whom defendant was at the time living, left the house of Mrs. Burke, on Wood street in said city, to go to a bakery on James street. They went north on Wood street to Ohio avenue, and east on said avenue to James street, and turned south on James street towards the bakery. At the corner of Ohio and James streets there was a grocery store. Next to said store, and between it and a barber shop, the next building south, was a vacant or unoccupied lot or piece of ground about seven feet wide. The land sloped from James street to the west towards Wood street, so that the west end of the sidewalk at that place was some four or five feet above the ground. James street is one of the principal thoroughfares of said city, and the main one connecting said city with Kansas City, Mo., which, together with the fact that the Armour's and Fowler's packing houses front said street, make it one of the most traveled streets in

the city.　The sidewalk at the point mentioned was about 12 feet wide, and abutted against the store and shop mentioned, and possibly lapped by the front of said buildings, a few inches over the space between them.　There was an electric light one block north, and another one block south, of the intersection of Ohio avenue and James street, but none at said intersection. August 17, 1890, was Sunday.　The sidewalks of James street were usually crowded with people passing to and fro thereon on Sunday evenings, and were on that evening.　As the defendant and her daughter, passing south on James street that evening, reached the place on the sidewalk opposite the space between said grocery store and barber shop, they met an unusual number of people going north thereon, and the defendant, in attempting to pass around said crowd of people, stepped off the sidewalk, and fell to the ground between said buildings, and was seriously injured—suffering an impacted fracture of the hip.　Action was brought by the defendant, as plaintiff below, to recover damages for such injury.　The case was tried by a jury, which returned a general verdict for the plaintiff below in the sum of $5,000.　Motion for new trial was overruled, and the city brings the case here for review.

The first reason assigned for a reversal of the judgment is that the plaintiff below was guilty of contributory negligence in stepping off the sidewalk.　The evidence shows that the injury occcurred just at dusk; that Mrs. Manning was unacquainted with the street at that place, and with the unprotected condition of the sidewalk.　The space between the buildings was narrow, the buildings which furnished a guard, so far as the walk in front of them is concerned, being but a short distance—seven feet—apart.　The plaintiff below, jostled by a passing crowd on the other side, to which her attention was attracted, could readily have stepped a little one side to let them pass without noting that there was a space between the buildings at all, or, that if there was, that there was no fence, railing or other guard to prevent her stepping off.　She testifies that she stepped a little one side to let the crowd pass and stepped off the walk and fell to the ground between the build-

ings. Taking her evidence all together, and viewing it in the light of her surroundings at the time the injury occurred, and there does not seem to have been any want of care on her part. But the following finding of the jury upon all the evidence in the case would seem to set this question at rest: "6th. Had the plaintiff an opportunity of avoiding the accident, if she had looked before stepping to the right? Ans. No."

The next reason assigned for reversing the judgment of the court is, that the damages as found by the jury are excessive, under the evidence, and that the verdict was the result of passion and prejudice on part of the jury. The injury sustained by Mrs. Manning on account of her fall was not only one productive of great pain and suffering, both in the character of the injury and in the character of the necessary treatment, but it is a permanent one; an injury from which she can never recover, from which she loses the use of one limb for the remainder of her life, and on account of which she must suffer more or less pain as long as she lives. For four months she was confined to her bed. It is true she is an old lady, over 60 years old, but the evidence shows that she was a healthy, strong woman when injured. A woman of her age and condition of health might live 15 or 20 years, and, if so, the amount found by the jury would not be an extravagant sum for keeping and caring for her during the balance of her life, in her helpless condition. There is nothing in the record to indicate that the verdict of the jury was influenced in any degree by passion or prejudice. The answers of the jury to the special questions submitted by the city, we think, indicate that the action of the jury was wholly free from prejudice and passion. We think the jury were liberal in their allowance of damage, but we cannot say that the amount is so excessive, under the evidence, as to justify this court in reversing the judgment for that reason, especially as the verdict received the sanction of the court trying the case. (*City of Kinsley v. Morse*, 40 Kas. 577; *S. K. Rly. Co. v. Walsh*, 45 id. 654.)

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.